UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID L. BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | No. 3:04-CV-294 |
| | ) | (Shirley) |
| LOWE'S HOME CENTERS, INC., | ) | |
| d/b/a LOWE'S HOME IMPROVEMENT | ) | |
| WAREHOUSE STORE OF KNOXVILLE, | ) | |
| STORE NO. 0637, | ) | |
| | ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

1. <u>INTRODUCTION</u>: Pursuant to Fed. R. Civ. P. 16(b), a scheduling conference was held in this cause on September 12, 2007. Present representing the plaintiff was attorney Robert Pryor, Jr. Present representing the defendant was attorney Clint Woodfin. The following actions were taken:

2. <u>JURISDICTION</u>: In this case, the subject-matter jurisdiction of the court has been invoked pursuant to 28 U.S.C. § 1332, and **is not** in dispute. The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c), and have specifically consented to the undersigned [Doc. 22].

3. <u>SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION</u>:

(a) The possibility of settlement is fair at this time. Counsel will advise the Court if the parties desire Alternative Dispute Resolution (ADR) and the Court's involvement with regard to the same.

4. <u>DISCLOSURE AND DISCOVERY</u>:

(a) <u>Fed. R. Civ. P. 26(f) Meeting</u>: The parties have already held a discovery planning meeting as required by Rule 26(f).

(b) <u>E-Discovery</u>: At the Rule 26(f) meeting, counsel for the parties shall confer and determine whether any party will likely be requested to disclose or produce substantial information from electronic or computer based media. If so, the parties are directed to determine: (i) whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business; (ii) the anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business; (iii) the format and media agreed to by the parties for the production of such data as well as agreed procedures for such production; (iv) whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise; (v) whether there are other problems that the parties anticipate may arise in connection with electronic or computer-based discovery; and (vi) the name of the person responsible for each party's document retention policies and the name of the individual through which discovery requests and responses to each party are to be made. It is expected the parties will confer and cooperatively reach an agreement as to how e-discovery will be conducted in this case.

(c) <u>Discovery Plan</u>: At the Rule 26(f) meeting, the parties shall, if they have not already done so, develop a discovery plan and file it with the court within ten (10) days after this meeting. This discovery plan shall conform to the provisions of Fed. R. Civ. P. 26(f).

(d) <u>Initial Disclosures:</u>  Rule 26(a)(1) disclosures have been made.

(e) <u>Expert Testimony</u>: Disclosure of any expert testimony in accordance

with Fed. R. Civ. P. 26(a)(2) shall be made by both parties on or before **January 22, 2008**.

(f) Evidence-Presentation Equipment: If either party intends to use electronic, mechanical or other equipment to display evidence at trial, the parties shall confer in an effort to agree on the size, type and location of equipment to be used in the courtroom. If the parties agree, they shall file their joint proposal on the date on which the final pretrial order is due. If the parties cannot agree, each party shall file its proposal on the date on which the pretrial order is due and may comment on the proposal filed by any other party within two business days thereafter.

(g) Pretrial Disclosures: On or before twenty (20) days before trial, the parties shall make all pretrial disclosures specified in Fed. R. Civ. P. 26(a)(3), except as to witnesses (see 6(f) and (g) below).

(h) All Discovery: All discovery, including the taking of depositions "for evidence," shall be completed by forty-five (45) days before trial. (Motions to compel must be filed at least thirty (30) days before this deadline.)

5. PRETRIAL ORDERS AND PRETRIAL CONFERENCES:

Unless counsel are otherwise directed by the court,[1] the following shall govern with regard to pretrial orders and conferences in this particular case.

Thirty (30) days before trial, an agreed pretrial order shall be filed with the clerk. This order shall contain the following recitals:

(a) Jurisdiction.

(b) That the pleadings are amended to conform to the pretrial order.

---

[1] If otherwise directed, counsel will receive detailed written instructions concerning pretrial conference procedures before a judge or magistrate judge of the court.

(c) Short summary of plaintiff's theory.

(d) Short summary of defendant's theory.

(e) The issues to be submitted to the trial judge or jury.

(f) Stipulations of fact.

(g) Novel or unusual questions of law or evidence.

(h) Estimated length of trial (in working days).

(i) Possibility of settlement.

(j) Miscellaneous matters that may contribute to the just, speedy, and inexpensive determination of the case.

Forty-five (45) days before trial (forty-seven (47) days if service by mail), plaintiff's counsel **shall** serve opposing counsel with a proposed pretrial order containing the above items except for the theory of defendant. Within five (5) working days after receipt thereof, opposing counsel shall furnish plaintiff's counsel with defendant's theory and advise of any disagreement as to the issues or other matters in the proposed pretrial order. The parties shall make diligent, good faith efforts to reconcile any differences promptly and without the necessity of the court's intercession. If the parties cannot agree on a pretrial order, plaintiff's attorney shall notify the undersigned's Judicial Assistant, Holly Nease (865-545-4260) at least thirty-one (31) days before trial that the parties have, following a face-to-face conference, been unsuccessful, after a good faith effort, to agree upon a pretrial order. Thereafter, the undersigned may enter a pretrial order or hold a pretrial conference.

An initial pretrial conference is scheduled for **March 26, 2008 at 9:00 a.m.**

Notwithstanding the filing of an agreed pretrial order, the undersigned may schedule a final pretrial conference shortly before trial if it appears that there are matters which need to be discussed before the time of trial.

Failure to file an agreed pretrial order or to notify the undersigned's law clerk that one cannot be agreed upon as required herein may be deemed a failure to prosecute the action. *See* Rule 41(b), Fed. R. Civ. P.

6. OTHER SCHEDULING MATTERS:

(a) Joinder of Parties: Time for joining additional parties has run and both sides agree no additional parties are to be joined.

(b) Dispositive Motions: All dispositive motions under Fed. R. Civ. P. 12 and all motions for summary judgment pursuant to Fed. R. Civ. P. 56 shall be filed as soon as possible, but no later than one hundred twenty (120) days before trial. The failure to timely file such motions will be grounds to summarily deny them.

(c) Motions in Limine: Any motions *in limine* must be filed no later than three (3) working days before trial. Should a hearing be directed by the court in regard to such motions *in limine*, the parties will be notified of the date and time therefor.

(d) Motions seeking a Daubert hearing must be filed at least forty-five (45) days before trial or they will be deemed waived.

(e) Upon filing any dispositive motion, or any other motion (or responsive pleading) which exceeds twenty-five (25) pages (including attachments), a courtesy hard copy shall be mailed or hand delivered to chambers.

(f) <u>Special Requests to Instruct for Jury Trial</u>: Pursuant to Local Rule 51.1, special requests for jury instructions shall be submitted to the court no later than three (3) working days before trial and shall be supported by citations of authority pursuant to Local Rule 7.4. There is reserved to counsel for the respective parties the right to submit supplemental requests for instructions during the course of the trial or at the conclusion of trial upon matters that cannot be reasonably anticipated.

(g) All anticipated exhibits will be labeled and sequentially numbered prior to trial. At the inception of trial, counsel will furnish the court with three (3) copies of their exhibit lists and two (2) notebooks with exhibits, so numbered, and three (3) copies of witness lists.

(h) Sixty (60) days before trial, the parties shall file a final witness list, covering the information specified in Rule 26(a)(3).

(i) Within five (5) days after service of a final witness list in (f) above, such list may be supplemented.

(j) In the event that a party files an objection within the time specified by Rule 26(a) to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) of Rule 26(a)(3), or any objection, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C) of Rule 26(a)(3), and desires the court to consider such objection or objections to be in the nature of a motion *in limine*, such objections shall be accompanied by a brief in support of such objection/motion *in limine*. Should a hearing be directed by the court regarding such motions *in limine*, the parties shall be notified of the date and time thereof. Counsel are reminded that objections not so disclosed, other than objections under

Rule 402 and 403, Federal Rules of Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. MOTION FOR EXTENSIONS OF DEADLINES: Deadlines established in this Order may not be extended solely by agreement of counsel without the undersigneds approval. However, agreed orders and extensions, which do not change the trial date will generally be granted. Motions seeking extensions of any deadlines set forth in this order shall be filed prior to the expiration of the deadline. Absent compelling reasons or circumstances, motions filed after the deadline will generally be denied.

8. FINAL PRETRIAL CONFERENCE: The parties may request a final pretrial conference after submitting a proposed final pretrial order, or in the event they cannot agree. The court may *sua sponte* set a final pretrial conference. The parties must make this request to the court at least five (5) working days before trial.

9. TRIAL: The trial of this case will be held before the United States Magistrate Judge with a jury beginning on **April 22, 2008 at 9:00 a.m.** The trial is expected to last two (2) days. **Should the scheduled trial date change for any reason, the other dates and deadlines in this order will not automatically change. However, the parties may seek an order changing a date or deadlines.**

If there are any preliminary matters, counsel shall be present at 8:30 a.m., to take up any such matters which may require the court's attention. The parties shall be prepared to commence trial at 9:00 a.m., on the date which has been assigned. If this case is not heard immediately, it will be held in line until the following day or anytime during the week of the scheduled trial date.

10. ELECTRONIC CASE FILING: The Court has implemented Electronic Case Filing ("ECF"), which allows counsel to file and docket pleadings directly from their office via the internet. ECF also enables counsel to be served with filings from other parties and the court via email. Information on the ECF system is available on the court's website: www.tned.uscourts.gov. Counsel who are not already registered users are expected to register and utilize such electronic filing or be prepared to explain their failure to do so. *See* E.D. TN. LR. 5.2.

Per Order of all the District Judges, all attorneys practicing in the Eastern District of Tennessee must register as electronic filing users and file their pleadings electronically through the CM/ECF system by **January 10, 2005** or show the presiding judge good cause to file and serve documents in the traditional manner.

> **NOTE:** Failure to comply with this order shall result in the exclusion of damages, witnesses, exhibits, depositions, and/or videotapes from evidence at trial.

**IT IS SO ORDERED**.

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge