UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DAVID L. BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-294 |
| | ) | (SHIRLEY) |
| LOWE'S HOME CENTERS, INC., | ) | |
| d/b/a LOWE'S HOME IMPROVEMENT | ) | |
| WAREHOUSE STORE OF KNOXVILLE, | ) | |
| STORE NO. 0637, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 22] on the defendant's Motion to Exclude Testimony, or Alternatively, Reset Trial Date [Doc. 35] and Second Motion in Limine [Doc. 37]. The parties appeared before the Court on April 15, 2008, for a hearing on the instant motions. Attorney Robert Pryor, Jr. appeared on behalf of the plaintiff and attorney Clint Woodfin appeared on behalf of the defendant.

The defendant moves the Court to preclude the plaintiff's expert, Dr. Moreno, from testifying as to the results of any testing performed on April 7, 2008, by Dr. Moreno on the plaintiff. The defendant contends that results from the April 7 testing represent a significant change to the expert opinion previously offered by Dr. Moreno, and argues that, if the test results are to be admitted at trial, the defendant needs additional time to depose Dr. Moreno and explore the merits of the testing. In his second motion, the defendant moves the Court to preclude Dr. Moreno from testifying as to

causation of the plaintiff's alleged injuries, arguing that Dr. Moreno's opinion lacks the specificity necessary to allow the doctor to testify as to causation.

During the hearing, the Court found, and the parties agreed, that, given the confusion of the defendant as to Dr. Moreno's stated opinion, coupled with the recent testing, a short continuance would be appropriate to allow the parties to more fully explore the scope of Dr. Moreno's opinions in this matter.  Accordingly, the defendant's Motion to Exclude Testimony, or Alternatively, Reset Trial Date [Doc. 35] is hereby **GRANTED** to the extent that the trial in this matter, previously scheduled for April 22, 2008, is hereby **CONTINUED** to **May 19, 2008 at 9:00 a.m.**.  The Court also scheduled a telephonic status conference for **May 12, 2008, at 9:00 a.m.**, with defense counsel initiating the call.

Additionally, the plaintiff is **DIRECTED** to supplement the expert disclosure of Dr. Moreno on or before **April 21, 2008**.  During the hearing, the Court also gave the defendant leave to depose Dr. Moreno and advised the parties to attempt to schedule such a deposition for April 22, 2008.  In light of the pending supplementation of Dr. Moreno's expert opinion and potential deposition, the defendant's Second Motion in Limine [Doc. 37] is **DENIED without prejudice**.  Should the defendant deem it necessary to challenge Dr. Moreno's opinion after receiving the supplemental disclosure and deposing Dr. Moreno, the defendant may file the appropriate motion at that time. Upon receipt of such a motion, the Court will then determine, based upon the facts and circumstances of this case, whether the Court should allow the defendant to pose such a challenge

at this stage of the litigation. Any such challenge must be filed on or before **April 28, 2008.**

**IT IS SO ORDERED.**

                   **ENTER:**

                     s/ C. Clifford Shirley, Jr.
                  United States Magistrate Judge