UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID L. BEST, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-294 |
| ) | (SHIRLEY) |
| LOWE'S HOME CENTERS, INC., ) | |
| d/b/a LOWE'S HOME IMPROVEMENT ) | |
| WAREHOUSE STORE OF KNOXVILLE, ) | |
| STORE NO. 0637, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(c), Rule 73(b) of the Federal Rules of Civil Procedure, and the consent of the parties, for all further proceedings, including entry of judgment [Doc. 22] for reconsideration of the Court's Order [Doc. 48] dated June 5, 2008. On June 19, 2008, the parties appeared before the Court for a pre-trial conference. During that hearing, plaintiff's counsel advised the Court that the only medical proof the plaintiff was prepared to present at trial was that of Dr. Moreno. Plaintiff's counsel indicated that, in light of the Court's exclusion of Dr. Moreno's expert opinion as to causation [Doc. 48], the plaintiff would not be able to present any evidence as to causation.

In granting partial summary judgment, the Court held that complete summary judgment was not appropriate because there was still a question of fact as to whether plaintiff could establish liability as to some loss or injury other than the plaintiff's alleged loss of his sense of smell. Accordingly, the Court held that the matter could proceed toward trial on the possibility that plaintiff might recover on some lesser claim, such as the cost of medical treatment from having been splashed

by the chemicals at issue, as well as any other temporary discomfort or inconvenience plaintiff might have sustained as a result of exposure to the chemicals. During the hearing, plaintiff's counsel stated that the focus of the plaintiff's complaint was on the loss of plaintiff's sense of smell. Accordingly, Plaintiff's counsel withdrew any claims as to any minor losses or injuries not covered by the claim for the loss of the plaintiff's sense of smell.

In light of plaintiff's counsel's statements, the Court finds that the plaintiff's claims for injury in this action can be split into two distinct groups: the claims related to the plaintiff's alleged loss of his sense of smell, and the now withdrawn claims as to all other lesser injuries and losses. In light of the Court's granting of partial summary judgment as to the first group, and the plaintiff's withdrawal of any claims as to the second group, the Court finds that all of the plaintiff's claims have effectively been resolved. In the absence of any remaining claims, the Court finds that complete summary judgment in favor of the defendant is appropriate.

Accordingly, the Court's Order [Doc. 48], dated June 5, 2008, is hereby **AMENDED** as of the date of this Order to the extent that the defendant's motion for summary judgment [Doc. 43] will be **GRANTED** in full, the plaintiff's claims will be dismissed, and this case will be closed. Judgment to follow.

**IT IS SO ORDERED.**

**ENTER:**

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge