**DAVID L. BEST,**

   **Plaintiff,**

**v.**

                                        **U.S.D.C. NO.:   3:04-CV-294**

**LOWE'S HOME CENTERS, INC.,**

   **Defendant.**

---

## DEFENDANT'S REPSONSE TO SECOND MOTION TO EXCLUDE

---

Comes now the Defendant, Lowe's Home Centers, Inc. and in response to plaintiff's motion to exclude expert testimony, would state as follows:

Plaintiff has no basis for arguing that the defendant's expert should be excluded from testifying in this case. All of the points raised by the plaintiff in the second motion to exclude are factual disputes that are suitable for cross-examination. By his deposition testimony, his expert disclosure, and the educational and practical experiences documented in his curriculum vitae, it is obvious that the defendant's expert is eminently qualified to testify about the matters he addresses in this case.

**I.      Dr. Blickenstaff is familiar with products like those identified on the MSDS Sheets.**

The plaintiff does not contest that the defendant's expert is familiar with polymer products like the product listed on the MSDS sheets. These MSDS sheets were the basis for the "expert" opinion of the plaintiff's own expert. During his years at Eastman Chemical Company, the defendant's expert testified that he reviewed compounds, a number of which were soluble polymers. (deposition of Blickenstaff, page 62, .lines 1-6). His background experience with soluble polymers gives him the ability to state the opinions listed in his disclosure (Exhibit 3 to deposition). The

plaintiff's argument that the opinions of the defendant's expert are not reliable methodology is misplaced. The opinions stated by the expert are clearly within his knowledge and experience, and the methodology relied upon by the expert comes from his years of experience working with similar products. Further, the facts and data relied upon by the expert are the same facts and data relied upon by plaintiff's expert. All remaining arguments regarding which expert has employed better methodology will be made to the jury.

## II.    Dr. Blickenstaff has the requisite knowledge, education, and experience to state his opinions.

Dr. Blickenstaff is board certified in occupational medicine. He was employed for 17 years at the Eastman Chemical Company. For ten of his years, his job was to assess potential adverse human health effects from exposure to chemicals, including polymers. His publications include articles on estimating chemical exposures. During his time at Eastman, he also wrote and reviewed MSDS sheets. (Deposition of Blickenstaff, page 15, line 23).

All of the above information as well as other relevant educational, practical, and professional knowledge clearly demonstrate that this witness possesses the background required to give the opinions that he was asked to render in this case. The plaintiff's criticisms outlined in the second motion to exclude are proper fodder for cross examination. Plaintiff devotes much time to the argument that the defendant's expert is not in the same field as the plaintiff's expert, and does not perform a proper differential diagnosis analysis. The defendant's expert was not asked to examine the plaintiff, but simply to give an opinion regarding whether the product that was supposedly spilled on the plaintiff could cause the type of harm alleged by the plaintiff. Using the same exact data and factual information relied upon by the plaintiff's expert, and using his education, training

and experience, the expert was able to reach his opinions.

### III.    Other grounds relied upon by the plaintiff.

Revisiting the arguments from a prior hearing on this case, the plaintiff argues that the deposition of Dr. Blickenstaff was not set during the time mandated by the prior Orders of this Court. Dr. Blickenstaff indicated to counsel for the defendant that he was available to be deposed the week of August 17. Counsel for the defendant provided two dates to plaintiff's counsel, and plaintiff's counsel indicated that August 19 was the best date for him. In a meeting with plaintiff's counsel on August 17, plaintiff's counsel requested that the deposition be moved to the following week, and counsel for the defendant agreed. Since the date of August 19 was passed by agreement, no letters confirming the deposition were submitted. This does not change the fact that Dr. Blickenstaff was ready, willing and able to testify on August 19, had plaintiff's counsel not requested that the date be moved forward one week to accommodate his schedule. No confirmation had been sent to plaintiff's counsel or the witness because counsel for the plaintiff requested that the deposition be moved to the following week. Again, the witness by his previous correspondence to counsel was available to testify on the original dates provided to the plaintiff. Once plaintiff's counsel requested that the date be moved, there was no further need to confirm with anyone.

This attempt by plaintiff's counsel to revisit previous rulings of the Court as grounds for exclusion is further eviscerated by the fact that the plaintiff was granted an extension to take the discovery deposition and file this motion. In fact, defense counsel even agreed to give the plaintiff further time to file this motion. There is no legal basis for exclusion of the testimony, and plaintiff's attempts to revert back to a previous argument already addressed by this Court provide no basis either.

**IV.    Conclusion**

The only legal authority the plaintiff relies upon for exclusion of the defendant's expert is Daubert v. Merrell Dow Pharms., Inc., 509 U.S.579 (1993), and its progeny. Other then generic statements about the need to determine whether opinions are reliable before they can be admitted, there is no indication as to what provisions in the criteria support plaintiff's argument for exclusion.  At page 596, the Daubert court stated that a "Vigorous cross-examination, presentation of contrary evidence and careful instruction on burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."  Certainly, the defendant's expert evidence is much more solid then shaky, but the point is well taken.  The arguments presented by the plaintiff in this motion are arguments.  They do not even rise to the level of shifting the burden to the defendant to show admissibility.  By filing the deposition and related exhibits, the plaintiff proves the admissibility of this expert.  The facts and data relied upon by the expert are the same facts and data relied upon by the plaintiff's expert, and are sufficient. His reasoning is scientifically valid based on his education and experience with polymers like the one in this case.  The reliability of his principles and methods are proven by his ten years experience with a chemical manufacturer.  His opinions from the reasoning he employed are properly applied to the facts and will aid the jury in this case.  Plaintiff can attempt to cross examine the witness and make arguments to the jury about which expert should be believed, but it is clear that the testimony offered clearly meets the standards and thresholds of admissibility.


WHEREFORE, the defendant prays that this Honorable Court DENY the second motion to exclude filed by the plaintiff.

RESPECTFULLY SUBMITTED


<u>s\Clint Woodfin</u>
Clint Woodfin - 016346
Attorney for Defendant, Lowe's Home Centers, Inc.
SPICER RUDSTROM, PLLC
800 South Gay Street, Suite 1400
Knoxville, TN  37929
Tel.:  865-673-8516


<u>**CERTIFICATE  OF  SERVICE**</u>

I hereby certify that on October 9, a copy of the foregoing Notice was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. mail.  Parties may access this filing through the Court's electronic filing system.

This 9th day of October, 2009.


<u>s\Clint  J  Woodfin.</u>
Clint  J.  Woodfin